**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

DAMON LAMAR CAMPBELL,

    Plaintiff(s),

v.

NEVADA DEPT. OF CORRECTIONS, et al.,

    Defendant(s).

2:20-cv-00634-CDS-VCF

**ORDER SHOW CAUSE**

Before me is plaintiff's motion for order compelling notice of service (ECF NO. 24). Here, it seems that plaintiff is requesting status on the process of service for defendants Stephen George and Mark Laurente.

On January 31, 2022, plaintiff's motion for service on defendants Stephen George and Mark Laurente was granted, and plaintiff had up to and including March 31, 2022, to perfect service on defendants Stephen George and Mark Laurente. (ECF No. 21). The summons on Stephen George and Mark Laurente were returned as unexecuted because the U.S. Marshal did not receive a USM 285 form from plaintiff for service. (ECF No. 23). The clerk's office indicated that a copy of the Order (ECF No. 21) on service for defendants George and Laurente and form USM 285 was sent to plaintiff on February 1, 2022. (ECF No. 21).

Pursuant to Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." "The 90-day time limit imposed by Rule 4(m) expires 90 days after the first complaint in which the defendant is named..." is filed. *Bolden v. City of Topeka*, 441 F.3d 1129, 1148 (10th Cir. 2006)(emphasis added). *Id.* The district court may extend time for service of process

retroactively after the 90-day service period has expired. *See Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir.2003).

The time to effectuate service upon the Defendants Stephen George and Mark Laurente has expired, and Plaintiff must make a showing of good cause or excusable neglect in order for the court to extend this deadline for an appropriate period. *See* Fed. R. Civ. P. 4(m); *Lemoge*, 587 F.3d at 1198; *Mann*, 324 F.3d at 1090 (the court may extend the deadline for service of process retroactively).

The court recognizes that Plaintiff is appearing pro se in this action. Nevertheless, he is still required to follow the rules and orders of the court and should familiarize himself with the Federal Rules of Civil Procedure as well as the Local Rules of this court. *See Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986) (holding that pro se parties are not excused from following the rules and orders of the court). Pursuant to Local Rule IA 11-8, "[t]he Court may, after notice and opportunity to be heard, impose any and all appropriate sanctions on an attorney or party who, without just cause: (a) Fails to appear when required for pretrial conference, argument on motion, or trial; (b) Fails to prepare for a presentation to the Court; (c) Fails to comply with these Rules; or, (d) Fails to comply with any order of this Court."

Here, plaintiff has failed to comply with Fed. R. Civ. P. 4(m).

Accordingly, IT IS HEREBY ORDERED that plaintiff must file a response showing cause as to why he should not be sanctioned for failing to comply with Fed. R. Civ. P. 4(m), on or before June 15, 2022. Should plaintiff fail to file a response as ordered, the undersigned Magistrate Judge may impose sanctions against plaintiff, which may include a report and recommendation that defendants Stephen George and Mark Laurente be dismissed.

IT IS FURTHER ORDERED that plaintiff's motion for order compelling notice of service (ECF NO. 24) is DENIED.  The Clerk of Court is directed to mail a copy of this order to plaintiff.

DATED this 25th day of May 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE