UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

DAMON LAMAR CAMPBELL,

    Plaintiff(s),

v.

NEVADA DEPT. OF CORRECTIONS, et al.,

    Defendant(s).

2:20-cv-00634-CDS-VCF

**ORDER EXTENDING SERVICE DEADLINE**

    Before the court is Plaintiff's motion for extension of time for perfection of service of summons (ECF No. 43).  Plaintiff is requesting an extension of time to perfect service of complaint and summons on defendants Mark Laurente and George Stephens.

    No opposition has been filed, and the time to file an opposition has passed.

**I. Background:**

    On January 31, 2022, plaintiff's first motion for service of process on defendants Stephen George and Mark Laurente was granted, and plaintiff had until March 31, 2022, to perfect service on defendants Stephen George and Mark Laurente.  (ECF No. 21).

    On April 8, 2022, plaintiff filed a second motion for service of process, requesting that the time to perfect service of process on Defendants Stephen George and Mark Laurente be extended to September 21, 2022.  This motion was denied.  (ECF No. 24, 33).  Plaintiff was ordered to show cause why he failed to comply with Fed. R. Civ. P. 4(m).  On June 1, 2022, Plaintiff filed a response to the show order, stating that due to Covid-19 restrictions at his correctional center, he never received the USM 285 forms for defendants George and Laurente. (ECF No. 37). Campbell also filed a declaration of the correctional facility's law library staff that he never received any filings/orders for Campbell's case during the months of January/February 2022. (ECF No. 38).  In his response, Plaintiff gave good cause as to why he failed to comply with Fed. R. Civ. P. 4(m).  The court extended the time to perfect service upon the Defendants

Stephen George and Mark Laurente to September 21, 2022. (ECF No. 40). On September 19, 2022, Plaintiff filed his third motion to extend time to perfect service upon the Defendants Stephen George and Mark Laurente. (ECF No. 43).

The U.S. Marshal were not able to perfect service on defendants Laurente and George.

The unexecuted summons on defendant Mark Laurente was filed on the docket. The U.S. Marshal stated that Laurente no longer resides at the address listed on the Summons and that the residence was sold by an investment company. (ECF NO. 42 at p. 2).

The summons on George was returned as unexecuted. The address listed on the summons for George was for a gated neighborhood with no public access or ingress. (ECF No. 42 at p.5).

**II. Discussion:**

Pursuant to Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." "The 90-day time limit imposed by Rule 4(m) expires 90 days after the first complaint in which the defendant is named..." is filed. *Bolden v. City of Topeka*, 441 F.3d 1129, 1148 (10th Cir. 2006)(emphasis added). *Id.* The district court may extend time for service of process retroactively after the 90-day service period has expired. *See Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir.2003).

The time to effectuate service upon the Defendants Stephen George and Mark Laurente has expired, and Plaintiff must make a showing of good cause or excusable neglect in order for the court to extend this deadline for an appropriate period. *See* Fed. R. Civ. P. 4(m); *Lemoge*, 587 F.3d at 1198; *Mann*, 324 F.3d at 1090 (the court may extend the deadline for service of process retroactively).

The court recognizes that Plaintiff is appearing pro se in this action. Nevertheless, he is still required to follow the rules and orders of the court and should familiarize himself with the Federal Rules

of Civil Procedure as well as the Local Rules of this court. *See Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986) (holding that pro se parties are not excused from following the rules and orders of the court).

**A. Service on Mark Laurente**

The U.S. Marshal attempted service on Laurente at the last known address provided on the summons. The U.S. Marshal stated that Laurente no longer resides at the address listed on the Summons and that the residence was sold by an investment company. (ECF NO. 42 at p. 2). In the instant motion, Plaintiff has not given good cause or excusable neglect as to why Laurente has not been served and why an extension to perfect service of the complaint and summons should be granted. The time to perfect service of the complaint and summons on Laurente has passed and will not be extended.

**B. Service on Stephen George**

The U.S. Marshal stated that they are unable to perfect of service of process on George because the address listed on the summons for George was for a gated neighborhood with no public access or ingress. (ECF No. 42 at p.5). Federal Rule 4(d)(1) requires that service upon an individual be made by "delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode...."

The Federal Rules of Civil Procedure do not expressly permit service of process at residence accessible only through gate. Rule 4(e)(1), however, permits a plaintiff to serve a defendant "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1).

In Nevada, Rule 4 of the Nevada Rules of Civil Procedure governs service of parties under state law. Parties are required to personally serve summons and the complaint upon defendants; however, when personal service proves impossible at a residence accessible only through gate, NRS 14.090 applies.

NRS 14.090 Service of process at residence accessible only through gate.

1. A person who resides at a location to which access is not reasonably available except through a gate may be lawfully served with any legal process in the manner provided in this section. If there is:

(a) A guard posted at the gate and the guard denies access to the residence for service of process, service of process is effective upon leaving a copy thereof with the guard.

(b) No guard posted at the gate and entry through the gate is not reasonably available, the court may, if it is satisfied by affidavit that those facts are true, allow service of process by mailing a copy thereof to the residence by certified or registered mail.

Since Defendant George resides in a gated community with no public access or ingress, the court will allow the U.S. Marshal to perfect service of process of the complaint and summons on Defendant Stephen George by mailing a copy thereof to the residence by certified or registered mail. NRS 14.0901(b).

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's motion for extension of time for perfection of service of summons (ECF No. 43), is GRANTED in part and DENIED in part as stated above.

IT IS FURTHER ORDERED that the time to perfect service upon defendant Stephen George is extended to November 30, 2022.

The Clerk is directed to ISSUE sealed summons for defendant Stephen George and deliver the same to the U.S. Marshal with the address provided under seal. The Clerk is directed to SEND sufficient copies of the complaint, (ECF No. 6), the screening order, (ECF No. 5), and this order to the U.S. Marshal for service on defendant Stephen George. The Clerk is directed to SEND to Plaintiff sufficient USM-285 forms. Plaintiff has 20 days from the date of this order, to complete the USM-285 service form and return it to the U.S. Marshal, 333 Las Vegas Blvd South, Suite 2058, Las Vegas, NV 89101.

The U.S. Marshal is ordered to perfect service of process of the complaint and summons on Defendant Stephen George by mailing a copy of the Summons and Complaint thereof to the residence of Stephen George by certified or registered mail.

If Plaintiff fails to follow this order, claims against defendant Stephen George may be dismissed for failure to complete service of process pursuant to Fed. R. Civ. P. 4(m).

The Clerk of Court is directed to mail a copy of this order to plaintiff.

DATED this 14th day of October 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE